IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | |
| | : | |
| JACQUELINE GREAUX | : | Bankruptcy No. 14-12441 (SR) |
| | : | |
| Debtor. | : | Chapter 7 |
| | : | |
| Tristan Mermin and Cecilia D. Lannon, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Adversary No. 14- |
| | : | |
| Jacqueline Greaux, | : | |
| | : | |
| Defendant. | : | |

**COMPLAINT TO DETERMINE DEBT NON-DISCHARGEABLE PURSUANT
TO 11 U.S.C. §523(A)(15) AND 11 U.S.C. §523(A)(5)**

Plaintiffs Tristan Mermin, ("Tristan") and Cecilia D. Lannon, Esquire, ("Ms. Lannon") by and through their attorneys Fox Rothschild LLP, hereby aver as follows:

**Parties**

1. Plaintiff Tristan Mermin is an adult individual with a residence located at 100 Main Street, San Quentin, California 94964.

2. Plaintiff Cecilia D. Lannon, is the attorney for Plaintiff Tristan Mermin in the Dissolution Action (hereinafter defined) with a business address at 700 Larkspur Landing Circle, Suite 199, Larkspur, California 94939.

3. Defendant Jacqueline Greaux ("Defendant" or "Debtor") is an individual residing at 724 Buck Road, Holland, PA 18966 and is a chapter 7 debtor in the Bankruptcy Court for the Eastern District of Pennsylvania (the "Court") at Bankruptcy No. 14-12441 (SR).

ACTIVE 25937249v2 07/03/2014

**Jurisdiction**

4. This is an adversary proceeding to determine a debt non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(15) and 523(a)(5) (the "Bankruptcy Code"), and Rules 7001(6) and (9) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H) and (I) and this Court has jurisdiction pursuant to 28 U.S.C. § 1334(b).

6. Defendant's chapter 7 proceeding was filed on March 31, 2014 (the "Chapter 7 Case"). Debtor's discharge has not been entered.

7. This adversary proceeding is brought in connection with the Chapter 7 petition of Debtor Jacqueline Greaux ("Debtor" or "Defendant"), in the above-captioned proceeding now pending before this Court.

8. The debt challenged herein is non-dischargeable pursuant to 11 U.S.C. § 523(a)(15) because the underlying debt is (i) to a . . . former spouse, (ii) not of a kind described in 11 U.S.C. §523(a)(5), and (iii) incurred by the debtor in the course of a divorce or separation in connection with an order of a court of record.

9. Furthermore, in the alternative, the debt challenged herein is non-dischargeable pursuant to 11 U.S.C. 523(a)(5) because the underlying obligation is a domestic support obligation ("DSO").

**Factual Allegations**

10. Plaintiffs were creditors of Defendant prior to the filing of Defendant's Chapter 7 Case.

11. Tristan and Defendant were married on June 16, 2000 and separated on or before August 22, 2008. They were involved in a marital dissolution action which was initiated by

2

Defendant in 2009 in the Superior Court of California, County of Marin at case no. FL-094470 (the "Dissolution Action").

12. The only contested issues in the Dissolution Action were (i) the disposition and value of two businesses and (ii) spousal support.

13. Tristan and the Defendant were married for approximately nine years and there were no children from the marriage.

14. Tristan and Defendant owned and operated two businesses, Specialty Application and Finishes ("SAF") and St. Barts Spirit Company ("SBSC"). SAF was a business that had been in Tristan's family for years and his mother trained Tristan to take it over. At the request of the parties, SAF was assigned no value and awarded to Tristan as part of the property settlement.

15. The second business, SBSC, was a new business started during the marriage with community property money as well as Tristan's separate funds brought into the marriage.

16. SBSC was created from the parties' joint efforts during the marriage and was community property. Its business was to formulate and market a type of spirits called "rhum agricole".

17. When the Defendant filed the Dissolution Action, she also filed actions against SAF and SBSC and some of SBSC's resource contacts. Defendant intentionally disrupted the business operations of SBSC by withdrawing operating capital from SBSC on two occasions and making statements about the purported imminent demise of SBSC. As part of the Dissolution Action, the trial court determined that Defendant inflicted considerable harm to the SBSC business.

18. Although Defendant asked the Court to issue the SBSC business to her, the Court awarded SBSC to Tristan, based at least in part upon the Court's finding that she had shown "a

3

willingness to sacrifice the interests of SBSC for what appeared to have been little more than spiteful retribution."

19. Throughout the course of the Dissolution Action, Defendant's actions were contrary to the letter and spirit of California Family Code Section 271 ("§ 271"), which authorizes the state court to make an award of attorneys' fees and costs, in the nature of a sanction, against a party whose conduct, *inter alia*, "frustrates the policy of the law to promote settlement of litigation". Consequently, on December 7, 2010, the state court judge ordered Defendant to pay to Tristan the modest sum of $5,000 of Tristan's counsel fees as sanctions. Defendant paid this sanction.

20. Unfortunately, the modest sanction award was insufficient to discourage Defendant from continuing her counterproductive litigation and her relentless pursuit of ruinous litigation directed at the personal and financial devastation of Tristan, the business of SAF and SBSC, and Tristan's business associates and employees.

21. Tristan was required to respond to Defendant's improper and vexatious conduct in the Dissolution Action which resulted in Tristan expending significant financial resources in attorneys' fees and costs that should not have been required but for the improper actions of the Defendant.

22. Thus, on March 5, 2012, Tristan filed another Request for Order pursuant to § 271 requiring Defendant to pay as sanctions all of his attorneys' fees and costs incurred in the Dissolution Action, or a portion thereof, as sanctions for her unabated improper conduct of the Defendant in the Dissolution Action.

23. After consideration of the pleadings filed on behalf of Tristan and the Defendant and after oral argument, the judge in the Dissolution Action granted Tristan's motion and entered

an Order (the "State Court Order") requiring the Defendant to pay, as sanctions for her conduct in frustration of the policy of the law as set forth in § 271, attorneys' fees and costs of $174,943.90 (the "Fee Award"). The State Court Order further provided that the Fee Award be paid in full by the Defendant to Tristan's attorney of record, Ms. Lannon, by May 17, 2012. A true and correct copy of the State Court Order is attached hereto as Exhibit "A".

24. Defendant moved for reconsideration/re-trial of the State Court Order. That motion was denied. Defendant then filed an appeal to the Court of Appeals of California, First Appellate District. That appeal was dismissed as untimely. Defendant did not appeal or challenge that dismissal further. Accordingly, the State Court Order is final and not appealable for any purpose.

25. Defendant has failed to pay the Fee Award to either Ms. Lannon or Tristan as required by the State Court Order.

## COUNT ONE
## 11 U.S.C. §523(a)(15)

26. Plaintiff re-alleges the allegations contained in paragraphs 1 through 25 above, as if set forth herein in their entirety.

27. Section 523(a)(15) of the Bankruptcy Code provides that a discharge under section 727 does not discharge an individual debtor from any debt to a former spouse that is incurred by the debtor in the course of a divorce or separation in connection with a separation agreement, divorce decree or other order of a court of record, that is not the kind of debt described in subsection 523(a)(5).

28. The State Court Order granted the Fee Award during the course of the Dissolution Action.

29.   The Fee Award was a sanction against the Defendant during the course of the Dissolution Action for frustrating the policy of the California state law promoting settlement of litigation.

30.   California Family Code § 271 states in pertinent part, that "[t]he court may base an award of attorney's fees and costs on the extent to which the conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation, and where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorney." Cal. Fam. Code § 271.

31.   In awarding fees under § 271, the court must take into consideration all evidence concerning the parties' incomes, assets and liabilities and the court cannot impose a sanction that imposes an unreasonable financial burden on the party against whom the sanction is imposed. Id. at §§ 270-271.

32.   In the present case, the Fee Award is an obligation owed by the debtor to her former spouse incurred in the course of a divorce or other order of a court of record and is therefore non-dischargeable. *In re Blackburn*, 412 B.R. 710, 712 (W.D. Pa. 2009).

33.   Direct payments to Tristan's attorney Cecilia D. Lannon, Esquire may be deemed to be an obligation to Tristan where it would be exalting form over substance to fail to treat it as such. *Contreras-Eckstrom v. Eckstrom (In re Eckstrom)*, 2011 WL 5591648 * 2 (Bkrtcy. N.D. Cal. Nov. 16, 2011). The payment of this debt by the Defendant will benefit Tristan as it will reduce the attorneys' fees owed to Ms. Lannon. Thus the Fee Award is an obligation owed to him under §523(a)(15).

34.   The Fee Award is an obligation to Ms. Lannon as well since the State Court Order directed payment of the Fee Award directly to Ms. Lannon. Accordingly, Ms. Lannon has

standing to seek a determination, and is entitled to such a determination, that the Fee Award is a non-dischargeable obligation owed to her under § 523(a)(15).

## COUNT TWO
## 11 U.S.C. §523(a)(5)

35.    Plaintiff Tristan Mermin re-alleges the allegations contained in paragraphs 1 through 34 as if set forth herein in their entirety.

36.    Section 523(a)(5) of the Bankruptcy Code provides that "[a] discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . .  for a domestic support obligation." 11 U.S.C. § 523(a)(5).

37.    The term domestic support obligation "means a debt that accrues before, on , or after the date of the order for relief in a case, including interest that accrues on that debt, that is (i) owed to or recoverable by, among others, a former spouse; (ii) in the nature of alimony, maintenance or support of such former spouse, whether expressly designated as such; and (iii) established by a separation agreement, divorce decree, or property settlement agreement, an order of a court of record, or a determination made by a governmental unit in accordance with non-bankruptcy law." 11 U.S.C. §101(14A).

38.    The Fee Award was awarded to or for the benefit of the Defendant's former spouse.  Additionally, it is in the nature of support and is established by an order of a court of record.  Thus, the Fee Award is also non-dischargeable pursuant to 523(a)(5).

WHEREFORE, Plaintiff Tristan Mermin and Cecelia D. Lannon hereby respectfully request a Judgment against the Defendant Jacqueline Greaux as follows:

a.    Judgment for $174,943.90, plus interest at the rate of ten (10) percent per annum from May 17, 2012 forward, awarded to Plaintiffs pursuant to the State Court Order dated May

17, 2012, as non-dischargeable pursuant to the provisions of 11 U.S.C. §523(a)(15); or in the alternative

      b.      Judgment for $174,943.90, plus interest at the rate of ten (10) percent per annum from May 17, 2012 forward, awarded to Plaintiff Tristan Mermin pursuant to the State Court Order dated May 17, 2012, as non-dischargeable pursuant to the provisions of 11 U.S.C. §523(a)(5); and

      c.      Such other and further relief as this Court deems just and proper.

Dated: July 2, 2014

FOX ROTHSCHILD LLP

By: /s/ Martha B. Chovanes
Martha B. Chovanes, Esquire
2000 Market Street, 20th Floor
Philadelphia, PA 19103
Telephone: (215) 299-2000
Facsimile: (215) 299-2150

WEIXEL LAW OFFICE
James V. Weixel, Esquire
150 Post Street, Suite 250
San Francisco, CA 94180
Telephone: (415) 691-7495
Facsimile : (866) 640-3918